**NAIDICH LAW**
Zachary Naidich (ZN-1449)
137 5th Ave., 9th Fl.
New York, NY 10010
646.661.5694
ZNaidich@naidichlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

DONNA DORAN,

                      *Plaintiff,*

        *-against-*

JOHN GOMES, BARBARA BREJWA, and JOHN L
GOMES MD  PC d/b/a WOMEN'S HEALTH CARE
OF GARDEN CITY,

                      *Defendant(s).*

-------------------------------------------------------------------

Index No. 25-cv-6158

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff DONNA DORAN ("**Plaintiff**"), by and through her undersigned counsel, NAIDICH LAW, hereby alleges, as and for her Complaint against JOHN GOMES, BARBARA BREJWA, and JOHN L GOMES MD PC d/b/a WOMEN'S HEALTH CARE OF GARDEN CITY, as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiff brings this action against her former employers to recover unpaid overtime wages unlawfully withheld in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("**FLSA**") and the New York Labor Law § 190 *et seq.* ("**NYLL**").

2.      Plaintiff seeks compensatory and liquidated damages, pre- and post-judgment interest, and reasonable attorney's costs and fees.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 & 1337 and 29 U.S.C. § 216(b).

4.     This Court has supplemental subject matter jurisdiction over Plaintiff's NYLL state law claims pursuant to 28 U.S.C. § 1367 because it forms part of the same case or controversy as the FLSA claim.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the Defendants are located and substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## JURY DEMAND

6.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

7.     Plaintiff DONNA DORAN is a natural person residing in Nassau County, New York.

8.     Plaintiff was employed by Defendants within the meaning of the FLSA and NYLL from in or around July 2006 until on or about October 3, 2025.

9.     Defendant JOHN L GOMES MD PC d/b/a WOMEN'S HEALTH CARE OF GARDEN CITY ("**WHC**") is a corporation organized and existing under the laws of the State of New York. Its principal place of business is located in Nassau County, New York.

10.     Defendant JOHN GOMES ("**Gomes**") is a natural person residing in Nassau County, New York.

2

11.     Defendant BARBARA BREJWA ("**Brejwa**") is a natural person residing in Nassau County, New York.

## STATEMENT OF FACTS

12.     WHC is a private medical office offering obstetric and gynecological services from its offices at 1000 Franklin Avenue, Garden City, New York.

13.     WHC is an enterprise engaged in commerce within the meaning of the FLSA.

14.     WHC employees routinely handled and/or worked with goods and materials moved in interstate commerce including, but not limited to, medications and medical equipment and devices.

15.     At all times relevant to this action, WHC had gross annual sales equal to or in excess of $500,000.

16.     Gomes and Brejwa jointly and collectively own and operate WHC.

17.     Gomes and Brejwa each had the authority to hire, fire, and discipline WHC employees.

18.     Gomes and Brejwa each had the authority to, and did, set and/or modify employees' schedules, rate of pay, and pay policy.

19.     Gomes and Brejwa were responsible for maintaining business and employment records.

20.     Gomes and Brejwa supervised Plaintiff's daily work, including, among other things, approving patient appointments and reviewing insurance claims.

21.     WHC, Gomes, and Brejwa individually and collectively employed Plaintiff as a receptionist from in or around July 2006 until on or about October 3, 2025.

22. Plaintiff's duties included (i) answering phone calls, (ii) scheduling patients' appointments, with Gomes' and Brejwa's approval, (iii) greeting patients, and (vi) helping to process insurance claims.

23. Plaintiff did not supervise any other employees.

24. Plaintiff did not exercise any independent judgment and was expected to follow standing protocol or supervisor instruction.

25. Plaintiff's work did not require any advanced knowledge or accreditation, was not creative in nature, and did not involve sales of any kind.

26. Plaintiff was paid $33.50 per hour for her work.

27. Plaintiff was a non-exempt employee employed by the Defendants within the meaning of the FLSA and NYLL.

28. As a non-exempt employee, Plaintiff was entitled to overtime pay at a rate of not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 hours per week.

29. Plaintiff was scheduled to work from 8:30am to 4:00pm every Monday, Wednesday, and Friday, and from 8:00am to 8:00pm every Tuesday and Thursday.

30. Plaintiff worked an average of 46.5 hours per week throughout her employment.

31. Defendants did failed to pay overtime.

32. Defendants maintained a policy and/or practice of unlawfully withholding overtime pay.

33. Defendants willfully and intentionally failed to pay Plaintiff overtime pay.

34. As a result, Plaintiff was underpaid $114 a week, on average, throughout her employment.

4

## CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME WAGES
**In Violation of the FLSA**
(Against All Defendants)

35.     Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

36.     At all times relevant to this action, the Defendants individually and/or jointly employed Plaintiff within the meaning of the FLSA.

37.     Plaintiff was a non-exempt employee within the meaning of the FLSA.

38.     Plaintiff was entitled to receive overtime pay at a rate of not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 hours per week.

39.     Plaintiff regularly and routinely worked in excess of 40 hours per week.

40.     Defendants failed to pay Plaintiff any overtime pay.

41.     Defendants' failure to pay overtime pay was willful under the FLSA.

42.     Defendants are individually and/or jointly liable for unpaid overtime pay and any other relief available under the FLSA.

### COUNT TWO
### FAILURE TO PAY OVERTIME WAGES
**In Violation of the NYLL**
(Against All Defendants)

43.     Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

44.     At all times relevant to this action, the Defendants individually and/or jointly employed Plaintiff within the meaning of NYLL.

45.     Plaintiff was non-exempt employee within the meaning of NYLL.

5

46.     Plaintiff was entitled to receive overtime pay at a rate of not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 hours per week.

47.     Plaintiff regularly and routinely worked in excess of 40 hours per week.

48.     Defendants failed to pay Plaintiff any overtime pay.

49.     Defendants' failure to pay overtime pay was willful.

50.     Defendants are individually and/or jointly liable for unpaid overtime pay and any other relief available under NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff:

a)  Unpaid wages in an amount to be proven at trial,

b)  Liquidated damages,

c)  Pre- and post-judgment interest,

d)  Attorneys' fees and costs, and

e)  Such additional and further relief as the Court finds just and proper.

Dated: New York, New York
       November 4, 2025

_____
       Zachary Najdich (ZN-1449)

6