

January 8, 2026

**<u>VIA ECF</u>**

Honorable James M. Wicks
United States District Court
Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, NY 11722

            **Re: Donna Doran v. John Gomes et al, Case No. 25-cv-6158**
                **<u>Motion to Approve Settlement</u>**

Dear Magistrate Judge Wicks,

Plaintiff DONNA DORAN ("**Plaintiff**"), on behalf of herself and defendants JOHN GOMES, BARBARA BREJWA, and JOHN L GOMES MD  PC d/b/a WOMEN'S HEALTH CARE OF GARDEN CITY ("**Defendants**"), respectfully requests this Court approve the Parties' revised Settlement Agreement and Release, annexed hereto as **Exhibit 1**, (the "**Agreement**") as a fair and reasonable resolution of Plaintiff's Fair Labor Standards Act ("**FLSA**") and New York Labor Law ("**NYLL**") claims and dismiss this action with prejudice.

Plaintiff commenced this action on November 4, 2025, alleging Defendants violated the FLSA and NYLL by failing to pay required overtime wages earned between July 2006 and October 2025. Defendants have retained counsel but have not yet appeared in this case. Following an exchange of documents and extensive good faith negotiations, the parties have agreed to settle all of Plaintiff's claims for Ten Thousand Dollars ($10,000.00) including Three Thousand Three Hundred and Three Dollars ($3,333.00) in attorneys' fees and costs (the "**Settlement Amount**").

The Parties' prior settlement motion was denied because "[t]he parties have included a 'General Release' in their proposed settlement agreement." *See* Order dated December 20, 2026. Under the revised Agreement, Plaintiff has agreed to release "**any and all complaints . . . that were alleged or could have been alleged . . . under the Fair Labor Standards Act and/or New York Labor Law.**" *See* Ex. 1 ¶ 2.

<u>The Agreement Is Fair & Reasonable</u>

The reasonableness of a settlement is determined based on the totality of the circumstances, including, but not limited to, (1) the potential range of recover, (2) the anticipated costs and burdens of continued litigation, (3) the litigation risks faced by the parties, (4) whether the settlement was reached by experienced counsel following arm's-length negotiation, and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F.Supp. 2d 332 (S.D.N.Y. 2012). The determination of whether a settlement is reasonable "does not involve the use of a mathematical equation yielding a particularized sum." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005). Rather, "there is a range of reasonableness . . . which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Id*. It may therefore be fair and reasonable to settle for a portion of the potential recovery. *See Sys. Of Louisiana v. A.C.L.N. Ltd.*, No. 01 Civ. 11814 (LAP), 2004 WL 2997957, at *5 (S.D.N.Y. May 14, 2004).

This settlement is fair and reasonable considering estimated value of allegedly unpaid overtime wages and the risks and costs of continued litigation. Plaintiff's council has reviewed Defendants' payroll records and estimates that Plaintiff is entitled to recover roughly the Settlement Amount in unpaid wages. The terms of this Agreement were reached after extensive arm's length negotiations between counsel and do not contain a general release.

<u>Attorneys' Fees Should Be Awarded</u>

Plaintiff's counsel's fee request is fair and reasonable. Plaintiff engaged counsel on a contingency fee basis, pursuant to which counsel is entitled to one-third (1/3) of any recovery plus the cost of reasonable expenses. **Exhibit 2**. Counsel requests Three Thousand Three Hundred and Three Dollars ($3,333.00), rrepresenting one-third (1/3) of the Settlement Amount. Courts have routinely found such requests to be fair and reasonable. *See Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15 Civ. 4145 (ADS)(SIL), 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016); *see also Calle v. Elite Speciality Coatings Plus, Inc.*, No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") For the foregoing reasons, Plaintiff's counsel's fee request should be approved.

<u>Conclusion</u>

For the reasons set forth above, the parties respectfully request this Court approve the FLSA Agreement as fair and reasonable and dismiss this action with prejudice.

Sincerely,

*Zachary Naidich*

Zachary C. Naidich
NAIDICH LAW
*Attorney for Plaintiff*