# SETTLEMENT AGREEMENT AND RELEASE

Donna Doran ("Plaintiff"), on their own behalf, and John Gomes, Barbara Brejwa, John L. Gomes MD PC, d/b/a Women's Health Care of Garden City, and any of its successors and assigns, parent corporations, subsidiaries, divisions and affiliated entities, past and present, its and their trustees, directors, officers, shareholders, agents, attorneys, insurers, and employees, past and present, and each of them, hereby agree upon this settlement ("Settlement" or "Agreement") of all issues arising out of Plaintiffs' lawsuits titled *Donna Doran v. John Gomes, Barbara Brejwa and John L. Gomes M.D. d/b/a Women's Health Care of Garden City*, Case No. 25-cv-6158 (E.D.N.Y.) (the "Litigation"), as follows:

1.      The parties hereto recognize that John Gomes, Barbara Brejwa and John Gomes MD PC. d/b/a Women's Health of Garden City (collectively, "Defendants") do not admit, but rather specifically deny, liability to Plaintiff or to anyone else as a result of or growing out of the matters relating to Plaintiffs' claims in the Litigation currently pending in United States District Court for the Eastern District of New York (the "Court"), Plaintiff's employment with Defendants, the matters set forth herein, or any other claims alleged by Plaintiff against Defendants.

2.      Defendants agree to pay, and Plaintiff agrees to accept, a total sum of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00) to be paid as set forth below, and other good and valuable consideration as described below; and Plaintiffs hereby releases and discharges Defendants (and all of their corporate parents, subsidiaries, affiliated entities, and former and current officers, directors, employees, agents, shareholders and representatives and the successors and assgins of each (collectively, the "Releasees") from any and all complaints, claims, liabilities, obligations, promises, agreements, damages, actions, causes of action, suits, rights, demands, losses, debts and expenses, whether known or unknown, that Plaintiff had, now has, or hereafter can or may have arising or accruing at any time up to and including the date of this

1

Agreement is fully executed in connection with any and all claims that were alleged or could have been alleged in the Litigation, including claims for failure to pay wages, minimum wages, overtime, whether known or unknown, and no matter how denominated, under the Fair Labor Standards Act and/or New York Labor Law and any related regulations; and all claims for penalties, liquidated damages, statutory damages, interest, attorneys' fees, costs, or litigation expenses. It is the intent of Plaintiff and the Releasees that by this Agreement, Plaintiff is giving up all rights, claims and causes of action against the Releasees under the Fair Labor Standards Act and new York Labor Law related to wage and hours of work which accrued prior to the effective date of this Agreement, whether or not they are aware of them and whether or not any damage or injury has yet occurred.

Plaintiff acknowledges that she is not releasing any rights or claims that may arise after this Agreement is signed or any rights or claims to enforce this Agreement. Plaintiff represents that Plaintiff knows of no claim that it has not released by this paragraph.

3. As part of this Agreement, and as a result of the payments made to Plaintiff, Plaintiff agrees, after consulting with her attorney, that this Agreement contains a fair and reasonable resolution of a *bona fide* dispute over wages owed.

4. Releasees are not under any obligation or duty to consider Plaintiff for re-employment in the future. Any application made by Plaintiff may be rejected without any liability to Releasees. In the event one or more Plaintiff is employed by Releasees in the future for any reason, Releasees may terminate employment with no liability.Plaintiff agrees to refrain from any tortious interference with the contracts and relationships of any of the Releasees.

5. It is further agreed and understood that the Corporate Defendant shall, within fourteen (14) days of the last of the full execution of this Agreement, receipt of the required IRS Forms W-

4 and W-9 from Plaintiff and her counsel, or the Effective Date (as defined herein), deliver to Plaintiff's counsel at 137 5th Avenue, 9th Fl., New York, NY 10010, via certified or registered mail with tracking service, the following:

a. One check made payable to Naidich Law in the amount of Ten-Thousand Dollars ($10,000), to represent all damages, liquidated damages, costs, and attorneys' fees, alleged by Plaintiff. An IRS Form 1099 will be issued to Plaintiff in the amount of $6,667, the portion of the settlement representing attorney's fees, shall be taxed accordingly and represents $3,333, of the settlement.

6. In consideration of the monies and other good and valuable consideration provided for herein, Plaintiff and Defendants represent and warrant that they will comply with all the terms of this Agreement. Should any party breach any provisions or paragraphs of this Agreement, Plaintiff, Defendants, and/or Releasees shall have all rights, remedies and/or causes of action available at law or in equity.

7. Plaintiff and Defendants shall file a Joint Motion, which Plaintiff shall prepare, with Defendants' approval, seeking an Order approving the settlement and dismissal of the Litigation, immediately (the "Approval Motion").

8. If the Court denies the Approval Motion, either in part or in its entirety, then the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement, if any. Should such efforts be unsuccessful and/or denied, the Litigation shall proceed as if no settlement had been attempted, and the Parties shall retain all of their respective rights.

9. The date on which the Court enters dismissal shall be the Effective Date.

10. It is understood and agreed that the total sum of TEN THOUSAND DOLLARS ($10,000.00) paid as set forth above, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for the Settlement, this Agreement, and the full and final release affected thereby. Plaintiff hereby represents and warrants that she has entered into the Settlement and this Agreement of her own free will and accord and in accordance with

3

Plaintiff's own judgment and after consultation with her attorneys. Plaintiffs hereby state that Plaintiff and Plaintiff's counsel have made a full and independent investigation of all the facts and representations relating to this Agreement and release, and therefore state that Plaintiff has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set out herein. Plaintiff states explicitly that she is executing this Agreement knowingly and voluntarily, and that the Release granted hereinabove shall be effective notwithstanding Plaintiff's subsequent discovery of facts or circumstances which, if true, would have affected her decision to enter into the Settlement and this Agreement.

11.     It is further agreed that Defendant shall bear its own costs and attorneys' fees.

12.     Plaintiff understands and agrees that she would not receive the monies and/or benefits specified above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

13.     The Parties agree to have the United States District Court for the Eastern District of New York retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated therein.

14.     This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

15. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity, the Agreement shall not be construed against any party.

BY:  DONNA DORAN        1/8/26
                        DATE

BY:  JOHN GOMES         1/7/26
                        DATE

BY:  BARBARA BREJWA       1/7/26
                        DATE

JOHN L. GOMES MD PC      1/7/26
d/b/a
WOMENS' HEALTH CARE OF GARDEN CITY     DATE

BY: _____

ITS: _____